IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM HACKNEY and
VINCE WILLIAMS,

    Plaintiffs,

v.

ANISH M. PATEL, et al.,

    Defendants.

No. C 06-6860 CW (PR)

ORDER OF DISMISSAL

(Docket nos. 4, 5)

## INTRODUCTION

Plaintiffs William Hackney and Vince Williams are prisoners of the State of California who are incarcerated at the California Medical Facility in Vacaville, California. They have filed a joint <u>pro se</u> civil rights complaint under 42 U.S.C. § 1983 against Judge Marilyn Patel and several other private Defendants,[1] and they seek <u>in forma pauperis</u> status.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>Id.</u> § 1915A(b)(1), (2).

---

[1] The other named Defendants are as follows: Anish M. Patel, Raj M. Patel and "Mr. Patel Sr.," alleged owners of Star Inn Co.; "Judge" Jagdish Patel; "Executive Officer" Jody Patel; Fidelity National Title Co.; Hanmi Bank; Citibank West; Nikki's Bails Bondsmen; and Attorney Robert Shapiro.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Dismissal for failure to state a claim is warranted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

DISCUSSION

I. Violation of United States Constitution or Statute

Plaintiffs allege that Defendants defrauded them of "millions of dollars" in assets, including but not limited to: various hotel and motel properties, luxury automobiles and one houseboat. However, they fail to allege any constitutional or statutory violations, an essential element for a § 1983 claim. Therefore, the Court finds that their claims against all named Defendants are frivolous and without arguable basis in law.

A claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although a complaint is not "frivolous" within the meaning of sections 1915A and

1915(e)(2) because it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), failure to state a claim is a separate basis for dismissal under sections 1915A and 1915(e)(2). See id. at 331.

Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless. See Denton v. Hernandez, 504 U.S. 25, 32 (1992). To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. See Denton, 504 U.S. at 32. But, this initial assessment of the plaintiff's factual allegations must be weighted in favor of the plaintiff. See id. A frivolousness determination cannot serve as a factfinding process for the resolution of disputed facts. See id. A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. See id. at 32-33. But the complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely or improbable. See id. at 33.

Here, even applying the liberal-interpretation standard afforded to pro se litigants, the Court finds that Plaintiffs' allegations are presented in a conclusory manner, with no factual support given to substantiate the allegations, and that the claims are legally and factually frivolous within the meaning of 28 U.S.C. § 1915(d) and Nietzke, 490 U.S. at 327. Although the Court

3

generally grants leave to amend, the Court concludes that here, leave would serve no purpose. Accordingly, the instant complaint is DISMISSED with prejudice.

II. Color of Law

Plaintiffs' claims also fail to satisfy the second element of a § 1983 claim because they allege no action taken under color of state law. See West, 487 U.S. at 49 (A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (citation and internal quotation marks omitted).

A. Claims Against Judge Marilyn Patel

Judge Marilyn Patel is absolutely immune from civil liability for acts performed in her judicial capacity. See Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996). If a federal judge violates a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals and for petitioning for extraordinary writs in Title 28 of the United States Code. See id. Here, Plaintiffs have not alleged civil liability for acts performed by Defendant Judge Marilyn Patel in her judicial capacity. To the extent that Plaintiffs attempt to state claims against Defendant Judge Marilyn Patel for acts performed in her private capacity, their claims fail. A private individual does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974). Therefore,

4

Plaintiffs' claims against Defendant Judge Marilyn Patel are DISMISSED with prejudice for this reason as well.

B.   Claims Against Attorney Robert Shapiro

Plaintiffs have sued an attorney in private practice. Attorneys in private practice are not state actors. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); see also Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir. 1996) (attorneys are private actors). Services performed by a private attorney in connection with a lawsuit do not constitute action under color of state law. See Franklin v. Oregon, 662 F.2d 1337, 1345 (9th Cir. 1981); Briley v. California, 564 F.2d 849, 855-56 (9th Cir. 1977). And claims for legal malpractice do not come within the jurisdiction of the federal courts. See Franklin, 662 F.2d at 1345. Therefore, Plaintiffs' claims against Defendant Shapiro are DISMISSED with prejudice for this reason as well.

C.   Claims Against Private Citizens and Companies

Plaintiffs' claims against the remaining Defendants involve purely private conduct by private citizens or companies;[2] therefore, the Court finds that they do not meet the standards for cognizable claims under § 1983. See Gomez, 446 U.S. at 640; Outzts, 505 F.2d at 559. All claims against the remaining Defendants are DISMISSED with prejudice for this reason as well.

CONCLUSION

For the foregoing reasons, Plaintiffs' complaint is hereby DISMISSED with prejudice. Plaintiffs' motions to proceed in forma

---

[2] Plaintiffs list one of the named Defendants as "Judge" Jagdish Patel. However, the Court cannot verify that Jagdish Patel is a judge; therefore, it will construe Plaintiffs' claim as a claim against a private individual.

1  pauperis (docket nos. 4, 5) and all other pending motions are
2  TERMINATED.  No filing fee is due.
3       IT IS SO ORDERED.
4
   DATED:     6/12/07                  _____
5                                      CLAUDIA WILKEN
                                       United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM HACKNEY et al,

    Plaintiff,

  v.

ANISH M. PATEL et al,

    Defendant.

Case Number: CV06-06860 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 12, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vince Williams F23355
CMF-G3-335
P O Box 2000
Vacaville, CA 95696-2000

William Hackney F23313
CMF-G3-335
P.O. Box 2000
Vacaville, CA 95696-2000

Dated: June 12, 2007

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk